THE STATE OF OHIO v. BLOOM.

(Nos. 88 CRB 64 A and B—
Decided March 17, 1989.)

Tiffin Municipal Court.

*Randy F. Hoffman,* for the state of Ohio.

*Jonathan G. Stotzer,* for defendant.

FREDERICK R. DANIEL, JR., J. This matter came on to be considered upon the defendant's motion to withdraw his guilty pleas to a charge of speeding and a charge of improperly handling firearms in a motor vehicle. During the arrest for these charges, evidence was discovered which may result in the filing of felony charges. The defendant Cheyenne W. Bloom claims that his guilty pleas to the misdemeanor charges will function as a waiver in the nature of collateral estoppel of his rights in the felony drug charges, since they arise from the same arrest. Specifically, the defendant believes he will be collaterally estopped from moving to suppress evidence obtained as the result of a warrantless misdemeanor arrest without probable cause because he pleaded guilty to those misdemeanors.

If an essential material issue of fact or law is actually litigated and determined by a valid and final judgment, that determination is conclusive in a subsequent action between the same parties. *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71, 74, 6 O.O. 3d 274, 276, 369 N.E. 2d 776, 777. These misdemeanor charges were not actually litigated, and so the defendant will not be estopped in the felony drug charges from challenging the truth of any material facts or from raising any issues of law. More basically, this court believes that the doctrine of collateral estoppel applies only in civil actions, and can have no application in a criminal case; however, there is no Ohio authority for this proposition.

The defendant's motion to withdraw his guilty pleas is *overruled.* The sentencing hearing is scheduled for March 30, 1989.

*Motion overruled.*